UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LINDA BALDWIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:17-CV-149-RP |
| | § | |
| ZURICH AMERICAN INSURANCE CO., | § | |
| | § | |
| Defendant. | § | |

## **ORDER**

Before the Court are Defendant's Motion to Dismiss and Motion to Deem Plaintiff Linda Baldwin a Vexatious Litigant. (Dkts. 13, 14). Having reviewed the parties' submissions, the case record, and the governing law, the Court issues the following order.

## **BACKGROUND**

Plaintiff Linda Baldwin is a former employee of Extended Stay America, where she worked as a Guest Service Registration attendant. Her duties included a number of tasks, including laundry, breakfast setup, accounting, and housekeeping, among others. Plaintiff alleges that, because of long hours standing on a concrete floor, she developed plantar fasciitis in both feet at some point in 2006 and was eventually required to undergo surgery on her left foot. Plaintiff states that she reported the injury to her supervisor, who allegedly did not take appropriate steps to report Plaintiff's injury or provide notice to the Texas Department of Insurance, Division of Workers' Compensation at that time.

Plaintiff's allegations concerning the time period after her injury are unclear. However, it appears that Plaintiff's employer notified its workers' compensation insurance provider, Defendant

Zurich American Insurance Co., of Plaintiff's injury on or around March 13, 2012.[1] Defendant allegedly denied Plaintiff income benefit payments connected with her injury; Plaintiff asserts that this denial was made without an appropriate investigation. This apparently resulted in Plaintiff's filing a claim for coverage with the Division of Workers' Compensation. On October 19, 2016, following a benefit review conference, a hearing officer found that Plaintiff was not entitled to workers' compensation benefits. The Appeals Panel affirmed that decision on January 17, 2017.

Plaintiff filed this action on February 27, 2017. She raises claims against Defendant for unfair settlement practices in the handling of her claim. This is not the first action Plaintiff has filed on the matter; she has previously filed several lawsuits in Texas state courts complaining of Defendant's denial of benefits. *See Baldwin v. Zurich Am. Ins. Co.*, Cause No. D-1-GN-12-003139 (353rd Civ. Dist. Ct. Travis Cty. 2012); *Baldwin v. Zurich Am. Ins. Co.*, D-1-GN-13-001281 (261st Civ. Dist. Ct. Travis Cty. 2013); *Baldwin v. Zurich Am. Ins. Co.*, D-1-GN-13-002454 (53rd Civ. Dist. Ct. Travis Cty. 2013); *Baldwin v. Zurich Am. Ins. Co.*, D-1-GN-17-000151 (98th Civ. Dist. Ct. Travis Cty. 2017).

The four-year gap between her 2013 and 2017 suits can be explained by an order in the 2013 lawsuit deeming her a vexatious litigant pursuant to Chapter 11 of the Texas Civil Practice & Remedies Code. (Dkt. 15-1). The order prohibited Plaintiff from filing any further lawsuits in state court without judicial approval. *See* Tex. Civ. Prac. & Rem. Code § 11.102 (setting out prerequisites to filing *pro se* complaint by vexatious litigant). After filing her 2017 suit against Defendant, the state court judge dismissed her claim on February 21, 2017, after declining to grant leave to proceed pursuant to section 11.102. (Dkt. 15-8). Plaintiff thereafter sought to file an additional complaint on February 26, 2017, but it was not assigned a cause number pursuant to the prior order forbidding

---

[1] A brief filed on Plaintiff's behalf before the Texas Division of Workers' Compensation states that Plaintiff did not report her injury until 2012 because of intervening health issues. (Dkt. 1-1, at 4). Because Plaintiff attached this brief to her complaint, the Court may properly consider it in ruling on Defendant's motion to dismiss. *See Wilson v. Birnberg*, 667 F.3d 591, 600 (5th Cir. 2012).

new and unauthorized suits. (*See* Dkt. 15-7). The next day, Plaintiff filed the current suit in federal court, which the state court order did not preclude. (*See* Dkt. 15-1).

Defendant moves to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendant additionally seeks to have Plaintiff deemed a vexatious litigant, required to provide security, and enjoined from filing further litigation in the federal courts without prior judicial approval.

## LEGAL STANDARDS

**1.    Rule 12(b)(1)**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) calls into question the federal court's subject-matter jurisdiction. There are three avenues for a movant to demonstrate a lack of jurisdiction: (1) on the face of the complaint alone; (2) the complaint supplemented by undisputed facts in the record; and (3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts. *Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004). The burden of demonstrating that jurisdiction exists rests at all times with the party invoking the court's jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

Where a jurisdictional challenge is raised, the court is generally "free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case." *Montez*, 392 F.3d at 149. "However, where issues of fact are central both to subject matter jurisdiction and the claim on the merits, . . . the trial court must assume jurisdiction and proceed to the merits." *Id.* at 150 (finding that the issue of respondeat superior was central to plaintiffs' negligence claim and inappropriate for resolution under Rule 12(b)(1)).

**2.    Rule 12(b)(6)**

When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6) the complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must be

taken as true. *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Although Federal Rule of Civil Procedure 8 mandates only that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief," this standard demands more than unadorned accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The court must initially identify pleadings that are no more than legal conclusions not entitled to the assumption of truth, then assume the veracity of well-pleaded factual allegations and determine whether those allegations plausibly give rise to an entitlement to relief. If not, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Throughout this process, the court "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007).

## DISCUSSION

**1.     Motion to Dismiss**

Defendant asserts that this Court lacks jurisdiction to adjudicate Plaintiff's claims because they fall within the exclusive jurisdiction of the Workers' Compensation Division. The Court agrees.

The Texas Supreme Court recently addressed litigation over denied workers' compensation benefits in *In re Crawford & Co.*, 458 S.W.3d 920 (Tex. 2015). In that case, the plaintiffs sued the injured plaintiff's workers' compensation insurance company, among others, alleging that they "engaged in 'a battle plan to delay, discourage, and deny' benefits that the [plaintiffs] were entitled to receive." *Id.* at 922. The plaintiffs claimed that the insurer wrongfully denied benefits, misrepresented the scope of coverage, failed to provide required notices, agreed to pay for service but then refused to do so, performed an inadequate investigation, and falsely accused the plaintiffs of fraud. Plaintiffs asserted tort claims of negligence, misrepresentation, fraud, and intentional infliction of emotional distress; contract claims of breach of contract, quantum meruit, and breach of the duty of good faith and fair dealing; and statutory violations under the Texas Insurance Code and the Texas Deceptive Trade Practices Act. *Id.*

The court held that "the Division of Workers' Compensation [had] exclusive jurisdiction over the [plaintiffs'] claims and the Workers' Compensation Act provide[d] their exclusive remedies." *Id.* at 923. According to the court, the Workers' Compensation Act made the Texas Department of Insurance the entity responsible for regulating and administering the business of workers' compensation, executing the Act and other laws concerning workers' compensation, and ensuring the compliance of insurance carriers with laws and regulations. *Id.* Because of this, the court reasoned, "the Act provides the exclusive procedures and remedies for claims alleging that a workers' compensation carrier has improperly investigated, handled, or settled a worker's claim for benefits." *Id.* at 923–24. Although acknowledging that it previously held this preemption did not reach a claim for misrepresentation under section 541.061 of the Insurance Code, *id.* at 924, the court nonetheless stated that "the label of the cause of action asserted" is not dispositive. *Id.* at 926. Where the claim—regardless of its label—concerns the investigation, handling, or settling of a claim, the Workers' Compensation Division has exclusive jurisdiction over it. *Id.* at 928.

5

While Plaintiff purports to raise a claim for misrepresentation under section 541.061 of the Insurance Code and a claim under the Fair Labor Standards Act, the allegations in Plaintiff's petition exclusively concern Defendant's investigation, handling, and settling of her claim. Accordingly, the Workers' Compensation Division has exclusive jurisdiction over this matter. *See id.* at 928. This Court would have jurisdiction over Plaintiff's claim only if it were an appeal of the Division's determination on her workers' compensation claim *and* the controversy otherwise satisfied the requirements of federal diversity jurisdiction. *See* Tex. Lab. Code § 410.252. Even construing Plaintiff's petition liberally,[2] the Court cannot conclude that this suit is an appeal of the Division's determination in her case. While she correctly noted in her petition that she had forty-five days to appeal her determination pursuant to section 410.252, her petition clearly does not challenge the correctness of the Division's determination but instead brings claims against Defendant for unfair settlement practices.[3] In other words, Plaintiff's complains not that her claim was wrongly decided by the agency, but that Defendant misled her in its handling of her claim.

Because the Plaintiff's claim is not an appeal of the Workers' Compensation Division's determination yet concerns the investigation, handling, and settling of a claim, the Court lacks jurisdiction to adjudicate it and thus **DISMISSES** Plaintiff's petition. This holding makes it unnecessary to consider Defendant's remaining arguments in support of dismissal.

**2.      Motion to Deem Vexatious Litigant**

Defendant seeks to have the Court deem Plaintiff a vexatious litigant pursuant to section 11.054 of the Texas Civil Practice and Remedies Code. That statute provides that a court "may find

---

[2] While the Court holds Plaintiff to a less stringent standard in light of her *pro se* status, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), Plaintiff bears the burden of establishing jurisdiction in this matter. *See Physician Hosps. Of Am. v. Sebelius*, 691 F.3d 649, 652 (5th Cir. 2012).

[3] Her late-filed opposition to Defendants motion to dismiss mentions evidence she to the Workers' Compensation Division, but again makes clear that her claims concern Defendants' alleged "wrongdoing for misrepresentation and [violations of the] Fair [Labor] Standard[s] Act." (Pl.'s Resp., Dkt. 23, at 6).

6

a plaintiff a vexatious litigant if the defendant shows that there is not a reasonable probability that the plaintiff will prevail in the litigation against the defendant" and one of three additional prerequisites has occurred within the last seven years. Tex. Civ. Prac. & Rem. Code § 11.054. These additional elements include (1) the filing of at least five suits as a *pro se* litigant that have been dismissed against the plaintiff; (2) relitigating a case *pro se* after having previously received an adverse and final determination; and (3) a prior finding in state or federal court that the plaintiff is a vexatious litigant in an action concerning the same or substantially similar facts. *Id.*

Under the facts of this case, it appears that the Court has authority to deem Plaintiff a vexatious litigant under any of the three prongs. As noted above, Plaintiff has been previously deemed a vexatious litigant in state court. Additionally, Defendant has identified several cases unsuccessfully filed against it that involve substantially similar facts to those currently alleged. Finally, in addition to the suits against Defendant, Plaintiff has filed numerous suits in this Court that have been resolved against her. *See Baldwin v. PNC Bank, N.A.*, 1:11-cv-729-SS (W.D. Tex. 2011); *Baldwin v. PNC Mortg. Ass'n*, 1:12-cv-832-SS (W.D. Tex. 2012); *Baldwin v. PNC Mortg. Ass'n*, 1:13-cv-287-SS (W.D. Tex. 2013); *Baldwin v. Extended Stay Am. Co./HVM LLLC*, 1:15-cv-269-RP (W.D. Tex. 2015); *Baldwin v. Extended Stay Hotel Co./HVM LLC*, 1:16-cv-405-RP; *Baldwin v. Extended Stay Am./HVM LLC*, 1:16-cv-604-RP. Additionally, Defendant has shown that Plaintiff is unlikely to prevail in this litigation. *See* Tex. Civ. Prac & Rem. Code § 11.054.

While the criteria are satisfied, the statutory language is permissive and does not require the Court to deem Plaintiff a vexatious litigant. *See id.* ("A court *may* find a plaintiff a vexatious litigant . . . ."). The Court declines to do so. The statute requires the Court, after making such a finding, to require Plaintiff to furnish security and to dismiss Plaintiff's claims with prejudice if Plaintiff fails to do so by the time set by the Court. *Id.* §§ 11.055, 11.056. Because the Court dismisses Plaintiff's claims for lack of jurisdiction, this relief does not appear appropriate at this

7

time. However, the Court would entertain a renewed motion in the event that Plaintiff asserts a claim that presents a valid basis for the exercise of this Court's jurisdiction.[4]

Plaintiff's Motion to Deem Plaintiff a Vexatious Litigant is **DENIED**.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss, (Dkt. 14), and **DENIES** Defendant's Motion to Deem Plaintiff a Vexatious Litigant. (Dkt. 13). Plantiff's Motion for an Expedited Status Conference is **DISMISSED AS MOOT**. (Dkt. 29).

Plaintiff's action is hereby **DISMISSED WITHOUT PREJUDICE**.

**SIGNED** on July 10, 2017.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

---

[4] Defendant mentions Federal Rule of Civil Procedure 11 in its motion but only provides analysis as to the relief it seeks under Chapter 11 of the Texas Civil Practice and Remedies Code. As these two bases for sanctions are not coextensive, the Court will not undertake independent analysis of whether Rule 11 sanctions are appropriate.